UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.

ROBERT CRAYTON et al.

Case No. 2:23-CR-00045-GSL-JEM

## OPINION AND ORDER

Before the Court is Defendant Crayton's Notice of Intent to Plead Guilty Conditionally or Motion Requesting Stipulated Facts Bench Trial, filed on July 30, 2025. [DE 119]. Ultimately, Defendant Crayton seeks to preserve his right to appeal the denial of his motion to suppress.

First, Defendant Crayon tells the Court of his intent to enter a guilty plea if he is able to appeal the Opinion and Order [DE 117] denying his suppression motion. [DE 119]. A defendant may enter a conditional plea of guilty, while reserving the right to appellate review of an adverse determination of a pretrial motion, with the consent of the court and the government. *See* Fed. R. Crim. P. 11(a)(2). Here, the Government has not consented to a conditional plea. [DE 121, Page 2]. The Government need not explain why it is withholding its consent. *See United States v. Fisher*, 772 F.2d 371, 374 (7th Cir. 1985) ("government [can] refuse to allow such a plea for any reason or for no reason at all").

In the alternative, Defendant Crayton seeks to preserve the issue by moving for a stipulated-facts bench trial. [DE 119]. Under Federal Rule of Criminal Procedure 23, a trial must be by jury unless (1) the defendant waives a jury trial in writing, (2) the government consents, and (3) the court approves. Fed. R. Crim. P. 23(a). Here, the Government does not consent to a bench trial for Defendant Crayton. [DE 121, Page 3]; Fed. R. Crim. P. 23(a)(2).

2

For these reasons, the Court denies Defendant Crayton's notice of intent to conditionally plead guilty and, in the alternative, his motion for a stipulated-facts bench trial.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **DENIES** Defendant Crayton's Notice of Intent to Plead Guilty Conditionally or Motion Requesting Stipulated Facts Bench Trial [DE 119]. The Court **CONFIRMS** that the Final Pretrial Conference is set for September 3, 2025, at 1:30 p.m., and that the Jury Trial will begin on September 15, 2025, at 9:00 a.m.

SO ORDERED.

ENTERED: August 11, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court